3.13cv419
MPS

IN THE UNITED DISTRICT COURT
FOR THE WESTERN DISTRICT OF CONNECTICUT / NEW JERSEY
UNITED STATES OF AMERICA: Abraham Ribicoff Federal Building
PLAINTIFF,                                                       2013 MAR 27  P 12 09
ROSE, TRAVIS
111 PINE LANE
WINDSOR, CONNECTICUT, 06095
(Former NJ addresses) 1380 NORTH AVE .APT604 ELIZABETH, NEW JERSEY
                      1169 MAGGIE AVENUE, UNION, NEW JERSEY
                      111 PINE LANE, WINDSOR, CONNECTICUT
-v- *-CR-*-*
DEFENDANTS,
MOST REVEREND JOHN J. MYERS AND MEMERS OF THE BOARD OF TRUSTEES
(16MEMEMBERS)
ARCHBISHOP OF NEWARK, NEW JERSEY
171 CLIFTON AVENUE, NEWARK, NEW JERSEY
Monsignor James M. Cafone, Pamela M.Swartzberg, Esq, Most Reverend
Arthur J. Serratelli, Mr. Robert E. Baidini, Monsignor John Doran, Dr.
A. Gabriel Esteban, Dr. Phillip Frese, Mr. Francis J. Hager, Mr.
Phillip N. Maisano, Mr. Patrick M. Murray, Mrs. Donna o' Brien,
Reverend Mark O'Malley,
 Monsignor Joseph R. Reilly, Mr. Bruce Tomason, Monsignor Robert
Wister
CATHY KIERNAN
SETON HALL UNIVERSITY
400 SOUTH. ORANGE AVENUE
SOUTH ORANGE, NJ 07979

Defendant.

PLEA AGREEMENT

A1. The defendants, John J. Myers, current chair board of trustees,
President, Board of Trustees, President, Board of Regents, Archbishop
of Newark hereby defraud the University By-Laws (Seton Hall
University) hereby enter into a plea agreement with the terms and
condition as set out below
The defendant, Joseph Thornton, former director and or faulty member
of the Seton Hall & UMDNJ joint physician Assistant Program hereby
enter into a plea agreement with the terms and conditions as set out
below.

I. THE PLEA

1. The defendants agree to waive indictment and to plead guilty to a
Connecticut Federal District Courts and / or County HARTFORD Court on
counts of FRAUD, CONSPIRACY TO DEFRAUD, BREACH OF UNIVERSITY BYLAWS,
and MISCONDUCT IN PROCEDURE OF DISPERSING AND NOTIFYING ALL 16 MEMBERS

1 | Page

OF THE BOARD OF TRUSTEES and DEFECTIVE ACADEMIC GRADE TRANSCRIPT.
(Violation of the Bylaws of University at website portal address-
(http://www.shu.edu/offices/president/upload/University-By-Laws.pdf)
as pertaining to breach of contract with State and Federal external
procedures to violate the offices of New Jersey Higher Educational
policies and Connecticut Higher Education institutional State
guidelines to operate in Corporate structure with integrity as outline
by policies and regulations of Educational State Contracted
operational guidelines across all Federal district when serving
student of the Americas when Federal student aid-Direct loans are
utilized to sustain that educational organization).
and  New Jersey Federal District Courts and /or County NEWARK Court on
counts of FRAUD,CONSPIRACY TO DEFRAUD, BREACH OF CONTRACT, Negligence,
and MISCONDUCT (employee-teacher-director-professor misconduct),
pertaining to both the Universities of Seton Hall & Archbishop of
Newark (john J. Myers). Violation of the title VI of Civil Rights of
1964;78 Stat.252,253; 42 U.S.C. 20002d-1, 2000d-*NJSA.56:8-1,NJSA

2. The defendant agrees to plead guilty to Court NJSA. 56:8-1,Title VI
of Civil Rights of 1964;78Stat.252,253; 42 U.S.C. 2000d-1, 2000d-3.
Academic ethics policies and By-Laws of both Seton Hall and UMDNJ with
regards to grading as in line with University By Laws privileges,
calculation of GPAs, transcript integrity fraud and defects which are
detrimental to other university review of academic history on behalf
of student.* Fraud NJSA 56; 8-1, of the indictment with charges a
violation of Title*, United States Code, Section

*[in order to obtain a total refund of the plaintiff's tuition and New
Jersey Class loan assistant (paid and unpaid original balances].The
defendant (Most Reverend John J. Myers and the 16 members of the board
of trustees along with University executives who wrongful and
knowingly committed Fraud as to not address the entire 16 members of
the Board of Trustees on the issue of evidence demonstrated in student
internal grievance against the former educational graduate Health
science school program director and professor (Joseph Thornton)
understands that the penalties can be imposed by the Court.

3. The defendant (John J. Myers and 16 members of the Board of
Trustees) will also admit Court evidence on behalf of the plaintiff's
case in order demonstrated with regards to other state and/or federal
statues involving fraud and ethical codes of conduct as defined by
university By-laws policies and procedures*

8. The defendant understands that the Court may require restitution in
the amount of $ 85,000 (tuition refund/NJ Class Loans) to be paid to
plaintiff as part of the sentence. In addition, court restitution

based on income penalties vital to employment income-wage losses due university enrollment based on tax filings to the Internal Revenue Service. In addition, to restoration of educational opportunity within a new educational institution of choice or recruitment opportunity.

9. The defendant understands that the Court must require restitution in the amount of $ 85,000 (Tuition refund/NJ Class Loans) to be paid to plaintiff as part of the plea deal if institutional refund is denied. In addition, the legal fees and fines plus trial cost associated with Federal Court.

98. The defendants understands under breach of contract by-laws, violation of federal civil rights, University By-Laws and any other laws (define or added to list of charges by US Federal Court on behalf of the Judge) concerning the plaintiff seeking expectancy restitution in the
amount of $ 4, 011,329.00 plus payment of expenses-legal fees and fine/reimbursement of cost associated with this case.

10. Pursuant to Title 18, United States Code, Section 3663 (a) (3), the parties agree that the Court shall require restitution in the amount of $85,000 (Tuition refund/NJ Class Loans/Restoration of Educational opportunity of choice)*to be paid to plaintiff*as part of the defendant's role within institutions of Seton Hall & (Archbishop of Newark).

12. The defendant understands the nature of the offense[s] set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the plaintiff would be required (John J. Myers) to prove beyond a reasonable doubt [21 U.S.C. '846] that his conduct violated the state and federal law.

FACTUAL BASIS
a. John J. Myers and the plaintiff agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

1. Violated the civil rights of the plaintiff by establishing failure of review according to By-Laws policies and procedures to review student grievance    regarding; two grading policies among formers students across cultural classroom demographics in conjunction to failure to notify the 16 members of the Board of Trustees via operating within University By-Laws to provide a clear and untainted review without administration bias within the current Physician Assistant program whose previous professional Brand has sustained a tarnished professional reputation via review by DUKE UNIVERSITY

founder of the Physician Assistant profession- Eugene Stead Jr. M.D of Emory University.

2. Failure of review by Board of Trustees to planned and implement the meeting among all 16 members of the board of trustees to avoid internal bias in order to render fair procedures excluding university employees of Seton Hall to maintain quality leadership and professional code of conduct to that of any corporate board of governs as compared to public corporation charged with following internal University By-law procedures to which to review student's complaint (grievance) on the issue of professional misconduct against the plaintiff in order to defraud him of a master's level degree in Health Sciences and review of evidence associate with a grievance that functions under Section I: Purpose within University By-Laws rules and regulation.

3. Failure of review according to By-Laws purposes and function to implement a plan where student (Travis Rose) is given privilege grades, free from failure in courses and obtaining a Master's degree according to grading integrity policies and procedures of the University By-Laws were grades were altered on didactic & clinical UMDNJ assessment assignments in order to alter grades dispersal (GPA) among a cultural diverse classroom as deducted from grade transcript evidence collected by chairperson-Mark S. Johnson M.D to ensure that the University By-Laws purposes and function are performed. Equal distribution of University By-Laws purpose and function privileges and failure to implement a resolution against non-awarding of Master's degree or refund and restoration of educational opportunity at another university of choice with tuition reimbursement to benefit Travis Rose.

4. John J. Myers defraud the student's (Travis Rose) opportunity to a fair review by the Board of Trustee 16 members to voice the student grievance on issue of restoration of transcript defects and educational opportunity. John J. Myers failed to promote the University By-Laws for all human beings' academic aspirations within the academic program. He failed to correct the fraud that promoted the advance of selected individuals (unknown criteria), whereby again entering into agreement with fellow colleagues who are bias and not members of the board of Trustees to ensure student (Travis Rose) grievance on grade integrity (transcript fraud) would not lead to corrective instruments of change in university policy. He promotes an environment of civil rights violation covertly performed by well thought-out planned scripted teachers, professor, staff and director of the school who distribute privilege on the terms that render the University By-Laws privileges impaired or unevenly distributed.
5. Failure to implement University By-Laws to triumph unfair grading policy used by associates of Professor Thornton across covert

classroom demographics, clinical UMDNJ assessment assignments grades, and their final grade point average (GPA) calculations evenly distribute across every student. Unfair academic dismal policy not taking into account University By-Laws to adjudicate any issue of educational defects across classroom demographics including dishonest academic behavior on clinical rotations and not limited to any other events and or overall history of the program to maintain a fair and even professional learning/promotional environment for all being while promoting the University's By-Laws first and uttermost.

6. John J. Myers academically without any standards (ethical or academic) set out with intent to dismiss the 16 members of the board of Trustee and plaintiff student complaint on the grounds of revenge after or before a fair open minded inquire by all parties of the Board of Trustees with requested guest (Doctor Mark Johnson) to conduct a fair trial.

6b. John J. Myers committed and perpetuated the continuation of cruel and unusual punishment on behalf of Joseph Thornton in which the academic transcripts defective nature is a stigma of emotion distress.

6c. John J. Myers committed and perpetuated the continuation of cruel and unusual punishment on behalf of those colleagues (present or terminated) who participate in the actions of academic student review leading to separation while deception to conceal a practice (short or long-term) which conspired to separate Travis Rose from the academic program while violating the University's By-Laws and establishing a condition of defective academic transcript while other students were exposed to a covert grading privilege practice that established a unfair and unusual outcome.

6d. John J. Myers committed and perpetuated the continuation of cruel and unusual punishment on behalf of an academic business service transaction in which the condition of academic transcripts for the academic year of fall 1999 and spring 2000 is parasitic condition incurring emotional and financial hardship distress. This demonstrates cruel and unusual punishment of not addressing an educational grievance of the student void of University By-Laws' purpose and function article's paradigm. Without utilizing, the University By-Laws and 16 members of the Board of Trustees to create a resolution centered on promoting restitution of professional education development opportunity of the student thereby upholding the Roman Catholic educational mission as defined by the By-Laws as defective.

6e. John J. Myers committed conspiracy to defraud the University Bylaws and the student's grievance and misrepresent the Board of Trustees (16 members) via mailing letters absent of guest and all 16 members of the Board of Trustee.

6f. John J. Myers committed conspiracy to defraud the University By-Laws and set forth an arbitration to appeal any issue of conflict in the future or present of any student's grievance to ensure fair and honest procedure this includes the present complain tent Travis Rose.

6g. John J. Myers committed conspiracy to defraud the United State tax laws by voiding the application of the University By-Laws as religious independent educational institution receiving federal funding etc. Thus this organization must utilizes its By-Laws in a consistent manner free of prejudice always ensure correct documentation by all 16 member of the Board of Trustee when a student has grievance in any duration (short-term, intermediate, long-term, specific point in the operation of the educational institution).

6h. John J. Myers committed fraud by failing to demonstrate transparency in procedure for the purpose of denying 16 members of the Board of Trustee to convene in order to execute a covert revenge acts of fraud via document, scapegoating, trickery, recruiting charlatans in professions to serve as covert coconspirators agents to fabricate via trickery materials to be used instrument to defend their institution against university academic peer review conduct.

6i. John J. Myers engaged in deceptive practices in coordination with Seton Hall Bursar office to distribute fraudulent grievance services in person, phone and email to Travis Rose in order to propagate belief base on pre-throughout method of actions to which scapegoat, con (fraud),Mr. Rose into wrongful reversal of refund by University of Medicine and Dentistry in-order to fabricate a defense on behalf of the school evidence against collected against Joseph Thornton and staff (Seton Hall staff a co-conspirator), who was involved in former covert business operation of fraudulent degree distribution in violation of academic performance policies, void of educational effectiveness and/or By-Laws while scapegoating Mr. Rose. The purpose of John J. Myers is to establish a defense in the wake of mounting outside universities peer review of the evidence.

6j. John J. Myers has committed conspiracy to defraud in continuation to defraud the federal student loan authority via violation of student's civil rights in grievance process failing to demonstrate transparency, utilization of By-Laws while covertly implementing an elaborate well-though plot to defraud detection of performing a student scapegoat grading conspiracy to defraud federal revenue plan of action void of educational effectiveness.

6k. John J. Myers continued a plot to defraud the student (Travis Rose) of the former failed joint graduate school program by conspiring with members of the Seton Hall University Bursar office and corporate

officers to perform mail, email fraud (scripted actions of fraud to undermine the students rights) to which are grievances under federal law are defraud under federal student loan guidelines to which the independent school utilizes federal student educational funds established by the federal Treasury of the United States.

6l. John J. Myers committed fraud knowingly on the behalf of the Seton Hall University Bursar office on the issue of the termination of contract aka breach of contract in which former centralized employee (Joseph Thornton) of Seton Hall graduate health science school acted with fraud committing to execute a continued scripted fraud plot against Travis Rose's legal court rights. Seton Hall Bursar office knowingly committed fraud by failing to advices student and respond to a written grievance in a timely fashion that does not void the court statutory civil or criminal rights of the student if required to seek legal federal court remedy.

6m . John J. Myers committed fraud on behalf of Seton Hall University Bursar offices, corporate offices and graduate health science school in continued plan of action to deceive the former joint degree student (Seton Hall & University of Medicine and Dentistry School of New Jersey-aka UMDNJ) knowingly conducted an elaborate enrichment scheme with no educational training validity resulting in no student ascertaining a degree. Seton Hall University and UMDNJ failed to uphold its contracted duties of providing an educational purpose to obtain a joint school degree which was voided along with academic value of the transcripts educational purpose which suffered a defect under the responsibility of both educational institutions purpose with loans purpose serves being deem a fraud and thus all and any student loans (private or government)are voided as demonstrated by UMDNJ voiding Federal Direct student loans for the academic year of 2000-2001.

6n. John J. Myers committed fraud on behalf of Seton Hall University Bursar offices, corporate offices and graduate health science school teachers in continued plan of actions to deceive the former joint degree student by knowingly a centralized employee of Seton Hall University; Joseph Thornton former director of the Physician Assistant program engaged in as the evidence collected supports a scapegoat grading fraud scheme, academic transcript fraud, voiding school written policy on integrity and clinical plagiarism policies with the outcome of no educational service validity being performed in on going manner to teach the student class. Thereby establish a reward system of academic student fraud for monetary gain encompassing Seton Hall University covert independent school monetary federal student loan fraud scripted plot.

7. Failed to implement unbiased, free of prejudice a Catholic environment with Board members meeting to review student complaint on issues of course's curriculum and teaching matters that would have created a standard of educational and Catholic institutional value effective to uphold the University By-Laws; notify plaintiff in writing on issue by 16 members of the Board of Trustee convening to demonstrate the organization' integrity to utilize purpose and function clause of the By -Laws as to purpose and function.

8. John J. Myers has conduct fraud in his conduct when tainted by bias and/or prejudice due to meeting with fellow lower rank colleagues of executive offices without convening first with the 16 members of the Board of Trustee to discuss the academic recording transcript fraud issue. John J. Myers failed to demonstrate a sworn oath to uphold the By-Laws purpose to execute the University educational mission statement as outline by University By-Laws and direction by By-Laws policies, procedures and mission statement regarding the plaintiff's Board of Trustee grievance corresponding to the students' official transcript defective status as caused by former, now terminate program-director Joseph Thornton as documented by UMDNJ chairperson-Mark. S. Johnson to further the student educational aspirations.

9. I John J. Myers hereby thought-out (planned) and implement unfair practice of review process by not notifying the 16 members of the Board of Trustees first & uttermost. This grievance-error in actions rendered prejudice as an issue impairing the practice to uphold the By-Laws of the University. Failing to lead the 16 members of Board of Trustee first and have them all sign a letter (s) on issues of the student to demonstrate university mission laws under the Roman Catholic educational academic mission to establish fair procedures of Board review for a student's grievance in the aspect of being professional (free of prejudice). I John J. Myers fail to notify student on the issue of arbitration to establish a Board of Trustee's action plan to compensate Travis Rose for the losses and exposure to cruel and unusual punishment in terms to his experience unfair-fraudulent educational dismal and defective nature of the academic transcripts condition.

## FACTUAL BASIS

10. Plaintiff has extensive emergency-department medical-clinical training on behalf of New Britain General lead doctors (foreign trained-US certified MDs') Mucci, Doctor Dolce, Doctor Karl, and Doctor Wolf-Harvard M.D. graduate to ensure quality professional practice.

11. John J. Myers conducted an unholy act or set of actions aka fraud by utilizing bias professionals who are divorced of the Roman Catholic

mission statement objective from politics of grades between two parts of joint mission program and demonstrates weakness to the issue of calamities on behalf of students neurologic development to which they as young adults-pre-professional disorganize inspectors from ascertain a solid comprehension to the ethical-professional development of their Catholic identity during the grading; written and practice policies within the former joint Seton Hall & UMDNJ program.

12.    John J. Myers violated the opportunity with 16 member of the Board of Trustee to demonstrate and operate the Holy Roman Catholic Mission statement via application of By-Laws to create an effective membership of counsel free from bias and prejudice thoughts to conduct themselves within the professional framework of the By-Laws to ensure a remedy to student's breach of educational effectiveness contract and remedy to integrity grade transcript fraud cause by a former director/professor (Joseph Thornton). Any program defect(s) that substantially impair the use, value or safety of the degree's educational effectiveness on behalf of the student that is likely to cause death or serious injury if any student is not educated to perform on clinical-public real employee lifelong operations. Educational effectiveness does cover conduct defects of students caused by students' vandalism, abuse; neglect and medical plagiarism for these are grounds for termination. Thus a substitute remedy must be implement via complaint to Board of Trustees all 16 members to which the student's grievance aspirations are valued due his/her request to demonstrate aid or assistance from the Board of Trustees to replace or swapping (exchange) the current educational service master's degree opportunity with any other educational institution in order to further the Roman Catholic mission statement and purpose and function of the University By-Laws among all human beings.

13.    Plaintiff reference to Eugene Stead Jr. M.D-Emory University-founder of the Physician Assistant profession at Duke University; ascertain outcome of educational evidence review of fraud and transcript fraud are factual evidence that degrade the prestige and educational value of the University's brand (Seton Hall University) which is damaged and defective in nature which cause or create a unfair gesture/actions/environment to the student's grievance to seek and obtain a fair resolution. The condition of student transcript fraud   cause a unprofessional stigma which lead to bias conduct on behalf of the executives of Seton Hall; members of educational replacement Physician Assistant program and academic teacher-professors-vice president and president members of the university that create an atmosphere of obstruction to hinder the Catholic Roman values of John J. Myers to take action to contact the 16 members of the Board of Trustee to resolve the complaint of the student in manner of justice where the educational opportunity lost or defective is replaced or repaired. In addition, educational institutional peer

review of the facts has caused a hostile environment or stigma impeding a fair and unbiased resolution to with the ascertainment of the replacement or repair of the educational opportunity is defective as outline in the By-Laws in which 16 members of the Board of Trustee should met to restore or replace the educational opportunity of the student's choice with full tuition cost coverage if no refund from the original institution (Seton Hall University) is provided.

14. *John J. Myers committed Breach of corporate contract-University By-Laws** is a legal cause of action in which a binding agreement or bargained-for exchange is not honored by one or more of the parties to the contract by non-performance or interference with the other party's performance. If the party does not fulfill his contractual promise, or has given information to the other parties that, he will not perform his duty as mentioned in the joint contract a refund to the individual parties is valid under individual enrollment document. Failure to initiate the 16 members of the Board of Trustees to uphold the By-Laws of the University.

*John J. Myers-Archbishop of Newark committed fraud as defined an intentional deception or misrepresentation made by a person with the knowledge that the deception could result in some unauthorized benefit to himself or some other person. It includes any act that constitutes fraud under applicable Federal, State Law and University By-laws to uphold the University holy Roman Catholic Mission statement and vision of life for all human beings.

*John J. Myers-Archbishop of Newark committed negligence as defined a person has acted negligently if she has departed from the conduct expected of a reasonably prudent person acting under similar circumstances. The failure to exercise the care that a reasonably prudent person would exercise in like circumstances.[1] The area of tort law known as *negligence* involves harm caused by *carelessness* with intentional harm to undermine the University holy Roman Catholic Educational Mission statement and vision of life.

*John J. Myers-Archbishop of Newark committed Abandonment, as defined in law, is the relinquishment or renunciation of an interest, claim, privilege, possession, or right, especially with the intent of never again resuming or reasserting it. Such intentional action may take the form of discontinuance or a waiver.

1. John j. Myers/ colleagues with no compassion tainted misrepresented Travis Rose complaint voiding the 16 members of the Board of Trustee to review that evidence of unprofessional conduct by a former professor and Director who failed to uphold

the University By-Laws Purpose and function to triumph any issue of scapegoating for the benefit of others (fellow students) which violates the entire mission of the Roman Catholic Church mission statement educational By-Laws article on purpose and function.

2. Unlawful academic-student complaint dismissal with intentional deception to Travis Rose** via wrongful signature and lack of signatures from all 16 members of Board of Trustee to demonstrate act without bias or malice to resolve complaint and option for appeal or arbitration from an unbiased source.

3. Deception to provide continues authorized 16 members of Board of Trustee review benefits to resolve issue of grades (academic transcript defect (fraud) rendering transcripts worthless) being not valid for Master degree of equal educational or associated health professional opportunity.

4. Deception to provide continues unauthorized benefit to him to support his covert deceptive practice with regards to breach of contract with University By-Laws policies and procedures.

5. Unequal practice with regards to distribution of opportunity among student body who seek 16 member of Board of Trustee to review complaint and establish a resolution to amended Lost of opportunity of Master degree and easy the tuition-financial burden which is cruel and unusual punishment.

6. Bait-and-switch is a form of <u>fraud</u>, Colleges and Universities often use moderate mix-grading profile (grade sabotage) to induce continuation at further repeating of courses during the first year, and with program closure due fraud-breach of contract, abandon the student with accumulate fiscal burden on the act covert deception by Joseph Thornton and staff plus John J. Myers are aiding to promote this internal conduct via violating student compliant to address 16 members of the Board of Trustee free from prejudice.

7. Violation of performance contract University By-Laws' duties concerning student's complaint about clinical rotations grades received and their failure to demonstrate purpose and function of the University mission statement and By-Laws.

8. No joint program degree award between Seton Hall University & UMDNJ** this demonstrate an issue to be address by the 16 members of the Board of Trustees.

9. Violation of school integrity policy with corruption scripted grade apparatus plot to undermine the University By-Laws and mission statement.

10.    Grade document fraud and grade transcript fraud leading to damage educational reputation of transcript in its entirety.

11.    Failure to notify in writing accreditation status changes and history  with optional refund text to verify if program is fit for Mr. Rose future career track upon enrollment until termination with issue to be address by 16 members of the Board of Trustees under University internal apparatus policies and procedures.

In addition, after my dismissal, I sought and was defraud by staff on how to access appeal process, arbitration and review by the 16 members of the Board of Trustee.

Duke University-Eugene Stead Jr. M.D. (Emory University)-founder of the Physician Assistant program who affirmed that the issue of fraud on behalf of Joseph Thornton and staff was collected and reviewed. I do not wish to consider any other degree programs in your institution (Seton Hall University) due retaliation experienced and as advised by Eugene Stead Jr. and other schools who note the extensive history of fraud within Seton Hall University. Eugene Stead Jr. contacted other universities and promoted a moral obligation on the issue of Mr. Rose obtaining a refund and extending recruiting opportunities on behalf of the evidence presented regarding grade and transcript fraud.

Failure of John J. Myers to perform his duties with the focus on resolving the student's grievance and educational opportunity as prompted by the University By-Laws and council reconvening that consist of the 16 members of the Board of Trustees to review this evidence under By-Laws policies and procedures to ensure the student grievance is given compensation to replace the lost or defective nature of the educational opportunity as created and establish by evidence of former program director-professor Joseph Thornton and staff.

Furthermore, the course credits are worthless concerning transferring to another academic program. The school closure evidence of fraud committed by Joseph Thornton was transmitted to other colleges and universities over months leading to the damage of the academic transcripts integrity as damage-service stigma. The program closure issue deemed the credits worthless because I investigated with other university PA programs the value of the credentials. Other school faculty provided information on the program's failure status warranted a refund due to history of problems. I met with the Seton Hall Bursar and verbally demand a refund on the issue of breach of contract in

person at initial time of the incidence. I have not received any written or verbal answer and have wait in limbo for years.

At that time, I had no idea of the procedure and Connecticut university corporate faculty provided professional assistance about followed up procedure with respect to Governor Chris Christie. His department wrote a letter dated March 9 2012 on the issue of assistance in obtaining a refund from Seton Hall University. This is the ONLY issue to resolve -a tuition refund from Seton Hall University for the didactic-lecture portion and total refund for New Jersey Class Loans.

Advised to contact you the Chief financial officer about a swift and professional resolution to obtain a total tuition refund from Seton Hall University to resolve Joseph Thornton's unprofessional conduct. Then to further the complaint to 16 members of the Board of Trustee.

Please note the sole-reason for my contact is to request a Seton Hall University tuition refund for the entire didactic-lecture portion of the two-year program. This issue is tied to NJ Class loans taken out to pay for tuition etc. This is the ONLY issue to resolve -a tuition refund from Seton Hall University for the didactic-lecture portion and total refund for NJ Class Loans upon breach of contract issue.

Thank-you for the opportunity for reading this letter and I hope that you can find it in your professionalism to understand the breach of contract commit by Joseph Thornton and staff. They have since received termination of their credentials and no longer are associated with Seton Hall University I fear an issue of retaliation on behalf of the school administrative who seek to aid Thornton via the defamation of my character based on refabricated past events to excuses his violation in academic institutional peer review and/or court.

Conclusion at the time of Mr. Rose's enrollment this school program closed and a Seton Hall University tuition refund is substantiated based on the evidence of fraud, conspiracy to defraud, breach of contract, damage educational reputation of transcript and negligence on the sole actions of Joseph Thornton and staff. In addition, loss of accreditation equals no validation to grating joint program degree, which I enrolled in order to obtain from origins of entrance into program.

In addition -section according to law guidelines for restitution in breach of contract for monetary damages according;

- Expectancy- principle remedy is to be award the non-breaching party (Travis Rose) monetary damages that give him the financial equivalent of what he would have gotten had parities performed no more, no less regarding future earning income.
- ER Physician Assistant- 40 year multiple be $ 85,000 = $3,400,000.00
- Reliance- Is compensation the non-breaching party for out of pocket expenses incurred in anticipation of having whatever the breaching party had promised.
- Out of pocket expenses- rent cost for years-$ 64,329
- Out-pocket physical therapy -retaliation scheme- $ 6,000
- Restitution -involves requiring the breaching party to disgorge (RETURN) the value of any benefit he received from non-breaching party.
- Loss of wage and investment retirement principle total for five accounts= $ 532,000.00
- The rules of foreseeability apply under
- Damages caused by breach
- The claimant ( Travis Rose) loss can be proved with reasonable certainty
- Particular damages were within the contemplation of the parties to the contract at the time it was executed-the rule foreseeability rule.
- Retaliation- scheme to foil the rules of compensation and to undermine legality of grievance on behalf of Travis Rose in which numerous covert agents (colleagues-network friends) engaged in action to physical and professional created documents to fraud, trickery, deception to create fraud records/testimony of fabricated evidence to serve as a means of intimidation (verbal-nonverbal, extortion, wrongful imprisonment, assault, wrongful stereotype attributes of Travis Rose's character etc.) while Mr. Rose sought to remedy the school problem. Failure on the behalf of Seton Hall University to assistance in refund via following internal protocol for former student Travis Rose in a timely and professional manner according to Seton Hall University protocols (plus By-Laws) as outlined in a letter response by governor Chris Christie-governor of New Jersey that dated March 9, 2012.
- Note legal documents sent to Seton Hall University and no response to attorney concerning addressing the breach of contract at the program/institution level as outline in Governor Chris Christie letter. In addition, written complaint to ARC-PA

headquarters dated November 24, 2002 & 2009 was filed. Note at time of filing grievance to ARC-PA office, which is located in the state of Georgia. In response, Travis Rose was directed to visit the Seton Hall University campus financial aid department and was denied service. Travis Rose's verbally & written requests to speak to dean and give no response verbally and left in waiting area for hours (over 6 hours per visit) as form of retaliation.

- Travis Rose has noted denial to a resolution by Seton Hall University administration upon physical visits to financial aid office and restrict from service (numerous accounts), written legal correspondences, and the corporate board who replace the former staff. Please contact the Seton Hall University lead Bursar to issue a complete Seton Hall University tuition didactic-lecture (refund) and New Jersey Class Loan refund.

- In response to writing and researching an educational attorney while employed at U.S. Veteran Affairs East Orange, New Jersey, which located three, walking blocks from the university. Travis Rose was physical assaulted on the worksite Fort Dix campus and suffered a severe head injury which required a neurologist treatment. (Dr. Apatoff -Rx # 6134839 -9 refills as of 12/18/2009-have medication bottle) Travis Rose was prescribed-GABAPENTIN aka Neurontin 100 mg capsules for serve concussion and lapse of memory with altered Mr. Rose's mental capacity concerning Filing a lawsuit. In addition to relocating to the East Orange Veteran Affairs campus, Mr. Rose was again detracted by his injury and further faced document fraud issues from selected federal workers on behalf of Seton Hall University who threaten his life and continued to tarnish his performance evaluation via fraud scripted document fraud evaluations and verbal harassment scripts. I was engrossed in filing grievance with the New Jersey federal attorney general. Due to nature of the head injury, long-term data was lost on the issue of filing a court grievance against Seton Hall University.

- Mr. Rose was mentally incapacitated with issue of tracking down a New York attorney educational specialist because New Jersey has no listing for an educational school attorney. The long-term memory loss (concussion) due to head / facial injury suffered, which is documented by medical specialist neurologist Brian R. Apatoff -401 East 55th Street, New York, NY 10022, is the grounds to waive the statute of limitations.

- Furthermore, his David Russell Ph.D. provided out of pocket cost regarding psychiatric counseling concerning his head injury and traumatic injuries psychiatric issue on behalf of the issue of retaliation. David Russell, Ph.D. address 1001 Farmington Ave, suite 304, West Hartford, CT 06107-2121, www.MemoriesCanHeal.com

## WAIVER TO STATUE OF LIMITATIONS

The plaintiff Travis Rose is filing as part of his plea agreement against Seton Hall University a waiver to dismiss the statute of limitations on fraud, breach of contract, neglect, Abandonment concerning Seton Hall University on the grounds John J. Myers-Archbishop of Newark has recently committed violation of this ethics, University By-Laws with regards assembling the 16 members of the Board of Trustees;

- Failure for Seton Hall University administration to promptly resolve the issue of tuition reimbursement or resolution
- Failure to provide an action plan from Board of Trustees 16 members for restitution of cruel and unusual punishment, violation of University By-Laws, defective academic transcript, emotional distress and exposure to revenge (assault etc.).
- Failure to award a remedy to breach of contract in which expectancy, reliance and restitution could implement to resolve the career-professional income-educational opportunity with another educational institution resolution.
- Travis Rose experience head trauma as result of a covert assault in which deception tactics and multiple parties coordinated a covert retaliation on behalf of Seton Hall University.
- The severity of Mr. Rose's injury entails loss of memory and medication treatment with counseling on issues related to attacks identifying their association with Seton Hall University via messages given to a second party to relay the message of the origin of the attack.
- The submission of medical evidence in the form of medical diagnosis and treatment of head trauma via neurologist and his family doctor is the solid medical evidence to petition the court for a waiver to the time limitations on the laws concerning fraud, breach of contract, neglect, and abandonment

> against Seton Hall University, Joseph Thornton, and John J.
> Myers etc.

supervised release set forth in Section II, above,
notwithstanding the fact that the Court may reach the
sentence by a Guidelines analysis different from that set
forth in this agreement. However, in the event of an appeal
from the defendant's sentence by the defendant, the
plaintiff reserves its right to argue the correctness of
the defendant's sentence. Further, the plaintiff otherwise
reserves all of its rights of appeal as provided for in the Sentencing
Reform Act of 1984.

63. (If applicable) Pursuant to Rule 11(a) (2) and subject
to the approval of the Court, the defendant reserves the
right to appeal the defendants' motions for
[specify nature of motion] pursuant to the report and
recommendation of Hon. ~name], United States Magistrate
Judge entered on [date] and the decision and order of the
District Court entered on [date]. Should the defendant
prevail on appeal, the defendant shall be allowed to
withdraw the guilty plea[s].

## VII. COOPERATION

64. I John J. Myers will cooperate with the plaintiff by
providing complete and truthful information regarding the
defendant's knowledge of any and all criminal activity,
whether undertaken by the defendant or others, in any way
involving or related to [describe offenses] [*the unlawful
violation of civil rights, unfair & unethical academic, university
By-Laws policies-violations, voidance council with 16 members of Board
of Trustee to review student grievance, & fraud]. I John J. Myers's
cooperation shall also include submitting to interviews by
plaintiff's US Federal attorney general and agents of law enforcement,
as well as testifying truthfully and completely before grand juries-
US. Attorney General and at such pre-trial and trial proceedings as
the plaintiff's shall deem necessary under direction of US Attorney
General actions.

65. [Alternative] I John J. Myers further agree to
provide proactive cooperation to the plaintiff, US Attorney General
regarding individuals involved in criminal activity involving
[describe] [the unlawful violation of civil rights,
academic fraud, unfair & unethical academic, University By-Laws
policies & procedures violations], [sexual crimes]. The defendant

agrees to comply with all reasonable instructions of law enforcement in this regard.

66. John J. Myers's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the

b) Approximately * 85,000 dollars of the plaintiffs* is the amount involved in the defendant's relevant conduct encompassed in the suit against both Seton Hall University and UMDNJ, Archbishop of Newark and all 16 members of the Board of Trustees.

## ACCEPTANCE OF RESPONSIBILITY

26. I John J. Myers agree to testify on the behalf of the plaintiff against Seton Hall University and UMDNJ in order to testify that I hereby committed fraud as the Archbishop of Newark for the Seton Hall and UMDNJ joint Physician Assistant program against the plaintiff via violating internal By-Laws policies and procedure to assemble the 16 members of the Board of Trustees to which to amend the student's complaint of loss of educational opportunity, academic transcript fraud, defective academic transcript, transcript stigma that caused crucial and unusual emotional distress and retaliation punishment.

I hereby admit to violating the civil rights of the plaintiff in order to defraud him of his tuition while he attended the physician assistant program and violate the compliant rights of his protest via violating the University By-Laws policies and procedure to assembly the 16 members of the Board of Trustee to seek an equal resolution to educational opportunity lost that encompasses restoration or replace by student choice financial support in new institution of higher learning in any profession or program of selection or opportunity made available by Eugene Stead Jr. M.D. Emory University founder of the Physician Assistant profession.

29. The plaintiff and John J. Myers agree not to move for, request, recommend or suggest any upward or downward adjustments or departures other than those specifically set forth in this agreement. A breach of this paragraph by a party shall relieve the other party of any agreements made herein with respect to departure motions and recommendations regarding the sentence to be imposed.

## VI. APPEAL RIGHTS

61. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waves the right to appeal, modify pursuant to Title 18, United States Code, Section 3582 (c) (2) and collaterally attack any sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section II, above, notwithstanding the fact that the Court may reach the sentence by a Guidelines analysis different from that set forth in this agreement. [optional] The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section I of this agreement.

62. The plaintiff's waives its right to appeal any sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and

John j. Myers exercise control without the permission of the plaintiff. A breach of this paragraph will be given the same effect as a breach of paragraph * in this agreement.

76. As a condition of the plea, the John J. Myers agrees to immediately [criminally/civilly] forfeit to the plaintiff all of the John J. Myers's right, title and interest to any and all assets, which are subject to forfeiture pursuant to [put in applicable statute-whether civil or criminal forfeiture/18 U.S.C. '981, 982, 1963/21 U.S.C. '881,853], which are in the possession and control of defendant or the Myer's nominees. Those assets include:

b) CURRENCY

1) The sum of $ 85,000 United States Currency will be re-establish to the plaintiff by means of cash or credit or taking over or buying out debt (Department of Education; NJ Class loans) of the plaintiff, if there is a failure by the courts and John J. Myers to obtain a total tuition refund and re address the grievance of violating the student loss of educational opportunity, transcript defect and the failure initiate review from the 16 members of the Board of Trustee.

2) In addition -section according to law guidelines for restitution in breach of contract for monetary damages according;

Expectancy- principle remedy is to be award the non-breaching party (Travis Rose) monetary damages that give him the financial equivalent of what he would have gotten had parities performed no more, no less regarding future earning income.

ER Physician Assistant- 40 year multiple be $ 85,000 = $3,400,000.00

Reliance- Is compensation the non-breaching party for out of pocket expenses incurred in anticipation of having whatever the breaching party had promised.

Out of pocket-expenses- rent cost for years-$ 64,329 Legal-recruited US Attorney General of Hartford, Connecticut/ Newark, New Jersey who have been served by citizen of the United State of America as human being with un-alien rights under the US Constitution who is charged with citizen right to invoke that the violation of the Seton Hall University By-Laws is an internal threat to the community and professional theater of higher education and Roman Catholic mission.

Restitution -involves requiring the breaching party to disgorge (RETURN) the value of any benefit he received from non-breaching party.

Loss of wage and investment retirement principle total for five accounts= $ 532,000.00

The rules of foreseeability apply under

Damages caused by breach

- The claimant ( Travis Rose) loss can be proved with reasonable certainty
- Particular damages were within the contemplation of the parties to the contract at the time it was executed-the rule foreseeability rule.

Retaliation- scheme to foil the rules of compensation and to undermine importance of grievance on behalf of Travis Rose in which numerous covert agents engaged in action to physical and professional created document fraud to intimidate (assault) while Mr. Rose sought federal employment to remedy the school problem which lead to neurology head injury.

c) MONETARY JUDGEMENT

1) The sum of * dollars ($85000*) in United States

currency, to be evidenced by a judgment issued by this
Court against the John J. Myers; said judgment will be
referenced in the PRELIMINARY ORDER OF FORFEITURE and will
provide for interest to accrue at the prevailing rate per
annum and serve as a lien against the defendant's property
until fully satisfied.

2) The sum of * dollars ($ 4, 011,329.00.) in United States currency,
to be evidenced by a judgment issued by this Court against Seton Hall
University; said judgment will be referenced in the PRELIMINARY ORDER
OF FORFEITURE and will provide for interest to accrue at the
prevailing rate per annum and serve as a lien against the defendant's
property until fully satisfied.

77. [OPTION-IF PROPERTY TO BE SUBJECT TO AN ONGOING OR FUTURE CIVIL
FORFEITURE CASE] a) John J. Myers
acknowledges that the plaintiff [has commenced a civil
forfeiture action against description of property, 9*-CV-
**** or will commence a civil forfeiture action against
[description of property]. John J. Myers agrees to enter
into a stipulation settling the civil forfeiture action by
agreeing to [Make full payment or tuition refund of 85000
dollars to the plaintiff.] and agrees to provide and
execute any other documents the plaintiff deems necessary
to resolve the civil litigation and restore his educational
opportunity with another educational institution as written in the
student's compliant to the 16 members of the Board of Trustee which
was subjected to violation of policies and procedures under University
By-Laws without tainted bias/prejudice thoughts and/or actions of his
previous colleagues and ideology of those in graduate medical
educational department who feel the need to react vengeance for the
school's tarnished reputation and educational brand. This also
propagates the student's academic records worthlessness based on the
fraud committed by the former Physician assistant director and/or
staff of Seton Hall University.

Travis Rose
Travis A Rose
3/22/2013
111 Pine Lane
Windsor CT 06075
860-683-2867
Email: professionalrose 20022002 @ yahoo.com