PLAINTIFF,
ROSE, TRAVIS

FILED

2013 APR 11  A 10: 41



Case No. 3:13cv419 (MPS)

v.
DEFENDANTS,
MOST REVEREND JOHN J. MYERS AND MEMERS OF THE BOARD OF TRUSTEES
(16MEMEMBERS)
ARCHBISHOP OF NEWARK, NEW JERSEY
171 CLIFTON AVENUE, NEWARK, NEW JERSEY
Monsignor James M. Cafone, Pamela M.Swartzberg, Esq, Most Reverend
Arthur J. Serratelli, Mr. Robert E. Baidini, Monsignor John Doran, Dr.
A. Gabriel Esteban, Dr. Phillip Frese, Mr. Francis J. Hager, Mr.
Phillip N. Maisano, Mr. Patrick M. Murray, Mrs. Donna o' Brien,
Reverend Mark O'Malley,
 Monsignor Joseph R. Reilly, Mr. Bruce Tomason, Monsignor Robert
Wister
CATHY KIERNAN
SETON HALL UNIVERSITY
400 SOUTH. ORANGE AVENUE
SOUTH ORANGE, NJ 07979

Amended Complaint

A. PARTIES

Travis Rose is a citizen of Connecticut who presently resides at 111
Pine Lane, Windsor, Connecticut 06095.

Defendant John J. Myers and members of the board of trustees are
citizens of New Jersey, whose address is 171 Clifton Avenue, Newark.

B. JURISDICTION

The jurisdiction of this court is invoked pursuant to (list statue(s)
because this is, a federal violation of student rights under federal
law pertaining to title VI of the Civil Rights Act of 1964 prohibits
discrimination based on race, color or national origin in programs or
activities receiving federal financial assistance. All federal
agencies that provided grants of assistance are required to enforce
the Title VI regulation. The U.S. Department of Education gives grants
of financial assistance to schools (Seton Hall University) and
colleges and to certain other entities, including vocational
rehabilitation programs. The Title VI regulation describes the conduct
that violates Title VI. The issue of racial harassment, school
segregation based on academic class fraud entailing a component of

1|Page

race and the denial of languages services to national origin-minority student who are limited in their English. Note Travis Rose was born in Guyana, South America and is a native Indian person. English is Travis Rose second language and he was denied service at Seton Hall University Bursar office in person regarding the ability to address the violation of the schools bylaws. This is a violation in the Code of Federal Regulations at 34 CFR 100 under title VI of the Civil Rights Act of 1964.

### List of Statue(s)

**Authority:** Sec. 601, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d

Authority: Secs. 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253; 42 U.S.C. 2000d-1, 2000d-3

Work-study under the Vocational Education Act of 1963, as amended, 20 U.S.C. 1371-1374

Authority: Sec. 601, 602, 604, Civil Rights Act of 1964; 78 Stat. 252, 253, 42 U.S.C. 2000d, 2000d-1, 2000d-3

Authority: Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1. Sec. 182; 80 Stat. 1209; 42 U.S.C. 2000d-5

Authority: Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1

Authority: Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1

Authority: Sec. 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d-1

## C. NATURE OF THIS CASE

I (Travis Rose) attended a joint graduate allied health program at Seton Hall University and University of Medicine and Dentistry of New Jersey (UMDNJ) in which the director (Joseph Thornton) of the Physician Assistant program was caught in the act of fraud. The fraud entailed wrongful calculation of my grade point average based on the clinical rotation grades provided by medical doctors on rotations. He also altered my educational transcripts in order to fabricate an argument with the Chairperson of the department of Medicine (Doctor Mark Johnson) on behalf of other students who had failed their clinical rotations. In addition, my academic transcripts when compared to classmates indicated that I was repeating courses that I had previously passed with A grades. My fellow students who failed their clinical rotations never had to repeat any courses and their grades where changed from an F grades to A grades. Secondly, students were caught plagiarizing on clinical graded rotations, which are grounds for academic dismissal. I (Travis Rose) was wrongly terminated from the program. As result of the evidence collected, the program was terminated and no joint school degrees were awarded to any students. I received a partial refund from one school (University of Medicine and Dentistry).

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute Code of Federal

Regulations at 34 CFR 100 under title VI of the Civil Rights Act of 1964 have been violated and that the following facts form the basis of my allegations:

Claim I:

The evidence collected by Doctor Mark S. Johnson indicates a well-planned fraud with a series of actions by members of the teaching staff at Seton Hall University award grades to place Travis Rose in a scheme to which he was awarded grades to create a reality that he was inappropriate person for this medical profession. This scheme entailed a distribution of grades to create a comparison model to which was vital to allow Joseph Thornton to exploit via fabricating grades of other students in an attempt to defraud Doctor Mark S Johnson and the University of Medicine and Dentistry school that award the degrees.

Claim II:

I wrote a letter to John J Myers and the board of trustee seeking a total refund from Seton Hall University to which I was denied based upon the Bylaws of the school being violated by Joseph Thornton. In addition signatures of the 16 members of Board are absent along with Doctor Mark S. Johnson.

<u>SUPPORTING FACTS</u>

1. Travis Rose's civil rights were violated because the schools Bylaws policies and procedures clearly demonstrate that the goal of the institution is to educate the student to obtain a joint degree in Physician Assistant field of profession. The violation occurred because Joseph Thornton was caught using two grading policies among former students versus Travis Rose. In my compliant to John J Myers, I want the board to have a discussion on the entire issue with Doctor Mark S. Johnson present to demonstrate what transpired and the evidence collected around the time of October -November of 2001. The compliant was sent to John J. Myers in August 16 2012.

1B. Doctor Mark S. Johnson sent the evidence to Duke University founder of the Physician Assistant profession-Eugene Stead Jr. M.D of Emory University. Short after seeking out a new school to attend I was invited to Duke University open house information summary program. This is where I met and conversed with Eugene Stead Jr. M.D. about the evidence collected against Seton Hall University and was informed about the case load of documented academic issues of fraud in the past involving other students which has led to tarnished school brand. I travel to Duke University around the time of the year 2003.

2. Failure of the Board of Trustees member to plan and implement a meeting among all 16 members of the board of trustees to avoid

internal bias in order to render a fair procedure excluding university employees of Seton Hall University for a student grievance. In other words, there is bias issue presented when John J. Myers consulted the members of the school administration. The school administration is bias on the issue because they have taken the issue to defend against the allegations that Doctor Mark S Johnson deemed the education courses unfit for any student to be awarded a joint degree.

Section I: Purpose within University By-Laws rules and regulation was violated because the school has no means of awarding a joint degree thus this condition is the bases of a total refund.

3. According to the Bylaws all students enrolled are granted the privilege to be awarded a degree under the mission statement. The evidence collected by Doctor Mark S. Johnson indicated a fraud, yet the distribution of the patterns of grades awarded did not benefit Travis Rose although he passed all courses. There is a condition to which the grades when compared to Mr. Rose's grades demographic indicated a scheme to create a fabricate reality to deem his classmates as more professional and worthy of their degrees. There is an issue of academic transcript fraud demonstrating abandonment on behalf of Seton Hall to implement a resolution against non-awarding of joint Master's degree or refund and/or restoration of educational opportunity at another university of choice with tuition reimbursement to benefit Travis Rose.

4. The opportunity for fair review by the Board of Trustee 16 members to voice his grievance on the issue of restoration of transcript defects and educational opportunity lost is factual because their signatures are absent from the response letter of the Archbishop Myers dated August 16 2012.

The lack of citing the Bylaws to explain and to correct the issue of lost educational opportunity according to Joseph Thornton actions which entail awarding grades in courses to which led up to the condition of academic dismissal to which Joseph Thornton further commits fraud and is caught. In addition, students' plagiarizing conduct indicates a fundamental issue of one party being promoted at the expense on one selected student. Now, remember plagiarizing is a condition for academic dismissal. Thus on review of the Bylaws there is a condition in which Travis Rose's civil rights were violated in the reading and interpretation of the Bylaws. This is because the University Bylaws privileges are impaired or unevenly distributed.

5. No corrective action taken by Seton Hall University to implement University Bylaws and create a resolution to which Travis Rose can obtain a refund and or seek restitution of academic credits with another university. No corrective actions taken against Professor

Joseph Thornton a Seton Hall employee-member of graduate school to correct grading policies across classroom demographics, clinical UMDNJ assessment assignments grades and their final grade point average (GPA) calculations evenly distributed across every student. No corrective action against the unfair academic dismal policy which violates Travis Rose' civil rights pertaining to the school's Bylaws yet in comparison to issue of classmates failing courses and performing academic plagiarisms, which led to another opportunity. Thus, the practice of using the schools bylaws in consistent and evenly manner with all students of the program is absent. There is clearly a practice defect of not promoting the University's Bylaws first and uttermost.

Claim III

WAIVER TO STATUE OF LIMITATIONS

The plaintiff Travis Rose is filing as part of his general form against John J. Myers and board of Trustees for Seton Hall University a waiver to dismiss the statute of limitations on Civil Rights violation in the Code of Federal Regulations at 34 CFR 100, fraud, breach of contract, neglect and Abandonment. I hereby cite Haines v. Kerner, 404 U.S. 519, 520 (1972)

Prisoner's *pro se* complaint seeking to recover damages for claimed physical injuries and deprivation of rights in imposing disciplinary confinement should not have been dismissed without affording him the opportunity to present evidence on his claims.

Petitioner, an inmate at the Illinois State Penitentiary, Menard, Illinois, commenced this action against the Governor of Illinois and other state officers and prison officials under the Civil Rights Act of 1871, 17 Stat. 13, 42 U.S.C. § 1983, and 28 U.S.C. § 1343(3), seeking to recover damages for claimed injuries and deprivation of rights while incarcerated under a judgment not challenged here.

Petitioner's *pro se* complaint Travis Rose was premised on alleged action of prison officials placing him in confinement as a disciplinary measure after he had allegedly struck co-worker on the head-ear region with his fist following a verbal altercation. The assault by petitioner (Travis Rose) on another co-worker is not denied yet forensic science demonstrated Travis Rose was not the causal agent with regards to the mechanism of injury as alleged by the plaintiff's original compliant at Fort Dix, New Jersey magistrate court. Petitioner's *pro se* complaint (Travis

Rose) included general allegations of physical injuries suffered to the head-brain trauma and facial nerve trauma while in disciplinary confinement-probation period and denial of due process in the steps leading to that confinement and probation period. This head-brain trauma causes memory disability, which was treated with neurological medication-Gabapentin 100 mg aka (Neurontin). The claimed physical suffering was aggravation of sequences of actions in which the plaintiff in the original case was acting on behalf of Seton Hall University in violation of *Intimidatory or retaliatory acts prohibited*. No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part. The identity of complainants shall be kept confidential except to the extent necessary to carry out the purposes of this part, including the conduct of any investigation, hearing, or judicial proceeding arising thereunder.(Authority: Sec. 601, 602, Civil Rights Act of 1964; 78 Stat. 252; 42 U.S.C. 2000d, 2000d-1).

## F. REQUEST FOR RELIEF

The pleader is entitled to relief based upon the evidence collected by Chairperson Doctor Mark S. Johnson. The evidence demonstrates, former employee Joseph Thornton-director of the Physician Assistant program-a Seton Hall employee acted with intentions to academically shape with means to inflict fraud by transmitting altered academic transcripts, wrongly calculated GPA, wrongly calculated course/clinical grades in order to defraud the degree  awarding institution (UMDNJ). In doing so, he violated University Bylaws pertaining to Travis Rose. I am entitled to relief based upon the violation of federal statute Code of Federal Regulations at 34 CFR 100 under title VI of the Civil Rights Act of 1964.

Wherefore, plaintiff demands (state the relief you seek)

1. I seek four million and one hundred thousand US-dollars for the violation of my civil rights.

2. I seek full tuition reimbursement from Seton Hall University and for expenses associated with NJ Class Loans.

3. I seek full restitution for loss of educational opportunity in which Seton Hall University pays for the entire Columbia University JD and MBA academic program cost.

4. I seek full restitution associated with school supplies, living, transportation and housing expenses that are out-of-pocket cost.


E.OTHER LAWSUITS

Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action? Answer is NO.
No previous parties or lawsuits and no docket number.
I have never filed any other lawsuits in this court in the last ten years that are not related to acts complained of in Part D and E.

G. JURY DEMAND

Do you wish to have a jury trial? NO

*Travis A. Rose*

Plaintiff's Original Signature

Travis Rose
Printed Name

111 Pine Lane, Windsor, Connecticut 06095 - 860-683-2867
Plaintiff's full address and telephone


DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares penalty of perjury that he / she is the plaintiff in the above action, that he/ she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. 1746 ; 18 U.S.C. 1621

Executed at _____ on _____
              (location)                (date)

*Travis A. Rose*

Plaintiff's Original Signature