NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS ROSE,<br><br>Plaintiff,<br>v.<br><br>JOHN J. MYERS, et al.,<br><br>Defendants. | Civil Action No.: 13-7797<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

I.      **INTRODUCTION**

This matter comes before the Court upon motion of Defendants, members of the Board of Trustees of Seton Hall University, to dismiss the Amended Complaint of *pro se* Plaintiff Travis Rose ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 39.] Plaintiff opposes the motion. [ECF No. 58.] The motion is decided without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, Defendant's motion is granted.

II.      **BACKGROUND**

This case arises from the dismissal of Plaintiff from the Physician Assistant program (a graduate-level course of study) jointly run by Seton Hall University and the University of Medicine and Dentistry of New Jersey ("UMDNJ"). In his Amended Complaint, Plaintiff contends that the Program director, Joseph Thornton,[1] was "caught in the act of fraud"; namely, he allegedly "wrongful calculate[ed]" Plaintiff's Grade Point Average ("GPA") and "altered" his

---

[1] Joseph Thornton is not named as a defendant.

educational transcripts "in order to fabricate an argument with the Chairperson of the department of Medicine (Doctor Mark Johnson)." (Am. Compl. at 2.) Unlike his classmates, Plaintiff claims, he was forced to repeat courses that he previously passed with "A" grades. (Id.) Moreover, Plaintiff asserts that other students who failed their clinical rotations never had to repeat any courses and their grades were changed from "F" to "A". (Id.) Lastly, Plaintiff contends that he was "wrongfully terminated from the program" and that the program itself was terminated as a result of "evidence collected." (Id.) Plaintiff does not indicate the specific dates of his enrollment in the program or the date of his purported wrongful dismissal.

Plaintiff filed the instant lawsuit in March 2013 in the United States District Court for the District of Connecticut. Plaintiff's Amended Complaint—filed in April 2013 [ECF No. 6]—asserts claims under Title VI of the Civil Rights Act of 1964 against Seton Hall administrators and individual members of the Seton Hall Board of Trustees. (Id. at 2-3.) Plaintiff's case was transferred to this Court in November 2013. [ECF No. 32.] In February 2014, Defendants filed the instant motion to dismiss Plaintiff's Amended Compliant pursuant to Rule 12(b)(6). [ECF No. 39.] Plaintiff opposed the motion. [ECF No. 58.]

## III.   LEGAL STANDARD

### A.   Rule 12(b)(6) Standard

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224,

231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, U.S. at 678.

### B.     Liberal Pleading Standard for *Pro Se* Litigants

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

## IV.    DISCUSSION

### A.     Statute of Limitations

Defendants' primary argument is that Plaintiff's suit is barred by the applicable statute of limitations.[2] While, as a general matter, a statute of limitations defense is not properly raised by

---

[2] In opposition, Plaintiff fails to address this argument. However, given Plaintiff's *pro se* status, the Court will not deem Plaintiff to have waived his opposition. See Glover v. City of Wilmington, 966 F. Supp. 2d 417, 428 (D. Del. 2013) (plaintiff waived opposition to defendant's argument because plaintiff's counsel made a "reasoned professional judgment" not to address it); Bowser v. Bogdanovic, 2010 WL 1462548, at *5 (M.D. Pa. Apr. 9, 2010) ("We note that, as a matter of course, the Court could dismiss [p]laintiffs' claims because [p]laintiffs failed to respond to the arguments for dismissal of those claims set forth in the Defendants' Brief in Support of the instant [m]otion."); Cimildoro v. Metro. Prop. & Cas. Ins. Co., 2010 WL 891838, at *5 (E.D. Pa. Mar. 8, 2010) (granting an

3

way of a Rule 12(b)(6) motion to dismiss, the Third Circuit has long "permit[ted] a limitations defense to be raised by a motion under Rule 12(b)(6) [] if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir. 2002)); W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 105 n. 13 (3d Cir. 2010). Here, Defendants mainly rely on a declaration from Brian Shulman (Dean of the School of Health and Medical Sciences at Seton Hall University) to support their limitations argument. (See Defs.' Mot. at 2-5 (primarily citing the Shulman Declaration for pertinent facts).) Indeed, Defendants note that "[t]he Amended Complaint fails to disclose when plaintiff was a student in the [graduate p]rogram" and instead rely on the Shulman Declaration for relevant dates. (Id. at 2.) While such evidence is certainly compelling, Defendants may not rely on a source outside the Amendment Complaint to form the basis of their 12(b)(6) motion on limitation grounds. See Robinson, 313 F.3d at 134–35. Accordingly, Defendants' motion to dismiss is denied on this ground.

## B.    Defendants as Improper Parties

Defendants also argue that the Amended Complaint must be dismissed because Plaintiff does not sue the institution responsible for the alleged wrongful conduct but instead names individual members of Seton Hall University and the Seton Hall Board of Trustees. (Defs.' Mot at 11-12.) The Court agrees.

Title VI states: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to

---

uncontested portion of motion to dismiss because plaintiffs failed to respond to particular arguments raised in motion).

discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Courts have held that, because Title VI forbids discrimination only by recipients of federal funding, individuals cannot be held liable under Title VI. See, e.g., Shotz v. City of Plantation, 344 F.3d 1161, 1169 (11th Cir. 2003); Buchanan v. City of Bolivar, 99 F.3d 1352, 1356 (6th Cir. 1996). The Third Circuit, and this Court, have adhered to the principle that Title VI cannot be used to impose liability on individual defendants. Whitfield v. Notre Dame Middle Sch., 412 F. App'x 517, 521 (3d Cir. 2011) ("Individual liability may not be asserted under Title VI."); Shannon v. Lardizzone, 334 F. App'x 506, 508 (3d Cir. 2009) ("Courts have held that, because Title VI forbids discrimination only by recipients of federal funding, individuals cannot be held liable under Title VI. We agree with this reasoning." (citations omitted)); Mears v. Bd. of Educ. of the Sterling Reg'l High Sch. Dist., 2014 WL 1309948, at *6 (D.N.J. Mar. 31, 2014) ("With regard to the individual defendants, plaintiffs' Title VI claims against the individual defendants will be dismissed because individual liability may not be asserted under Title VI."); Bethea v. Roizman, 2012 WL 2500592, at *15 (D.N.J. June 27, 2012) ("Individual liability may not be asserted under Title VI because an individual is not a 'program' receiving federal funds."); New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine, 2010 WL 2674565, at *15 (D.N.J. June 30, 2010) ("The Court agrees that individuals are not the proper defendants in a Title VI case."); Carter v. Hamilton Affordable Hous., LLC, 2009 WL 3245483, at *6 (D.N.J. Oct. 6, 2009) ("the named defendant, [] as an individual who did not receive federal financial assistance, cannot be liable on Plaintiff's Title VI claim."); Lee ex rel. E.L. v. Lenape Valley Reg'l Bd. of Educ., 2009 WL 900174, at *5 (D.N.J. Mar. 31, 2009) ("Title VI, however, 'does not recognize individual liability.'") Accordingly, the Amended Complaint must be dismissed because Plaintiff asserts only Title VI claims against individuals.

## V.   CONCLUSION

For the reasons set forth above, **IT IS** on this _____/ 7_____ day of March 2015,

**ORDERED** that Defendant's motion to dismiss pursuant to Rule 12(b)(6) [ECF No. 39] is **GRANTED** without prejudice; and it is further

**ORDERED** that the Clerk of the Court shall close this matter; and it is further

**ORDERED** that, to the extent the deficiencies in Plaintiff's claims can be cured by way of amendment, Plaintiff is granted thirty (30) days to reinstate this matter upon the filing of a Second Amended Complaint that states, in accordance with Rule 8(a), a short and plain statement of Plaintiff's claims, including the relevant facts and dates of enrollment and dismissal from the Physician Assistant program, supporting Plaintiff's causes of action.

_____
**CLAIRE C. CECCHI, U.S.D.J.**