NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS ROSE, | Civil Action No.: 13-7797 |
| Plaintiff, | |
| v. | OPINION |
| SETON HALL UNIVERSITY, | |
| Defendant. | |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on the Motion of Defendant Seton Hall University ("Seton Hall" or "Defendant") to Dismiss the Second Amended Complaint of pro se Plaintiff Travis Rose ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 67.] Plaintiff does not opposes the motion. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is granted.

**II.    BACKGROUND**

This case arises from Plaintiff's dismissal from the Physicians' Assistant program, a graduate-level course of study run jointly by Seton Hall University and the University of Medicine and Dentistry of New Jersey.

Plaintiff enrolled in the Physicians' Assistant Program in September 1999. Id. at 12. Plaintiff contends the Program director, Joseph Thornton, was "caught in the act of fraud"; specifically, he allegedly "wrongful calculate[ed]" Plaintiff's Grade Point Average ("GPA") and

"altered" his educational transcripts "in order to fabricate an argument with the Chairperson of the department of Medicine." Id. at 9. Plaintiff further claims "he was stigmatized as to having a learning disability and experience[d] discriminat[ion] against him by . . . students, Joseph Thornton, and staff" and was "denied the same benefits received and enjoyed by other student[s] . . . while under academic contract created in January 31, 2001." Id. at 11.

Additionally, Plaintiff contends Seton Hall conspired with the University of Medicine and Dentistry of New Jersey and the Vatican to establish "a joint degree program [that] had no competition from any outside independent university" as well as a "grade rigging apparatus[,] thereby establishing a state of no competition among students." Id. at 13.

Plaintiff was placed on academic probation on January 31, 2001. Id. at 15. He was dismissed from the Physicians' Assistant program on October 22, 2001. Id. at 9. Plaintiff states "around the time of October–November of 2001," "evidence was revealed" of Mr. Thornton's alleged fraud. Id. at 16. On February 20, 2003, Plaintiff directed his attorney to "send legal paperwork" to Seton Hall and the University of Medicine and Dentistry of New Jersey, apparently for the purposes of seeking "a tuition refund for the fraud conduct[ed] by [Mr.] Thornton." Id. at 15. Plaintiff also spoke to a doctor affiliated with Duke University about the alleged "academic fraud" perpetrated by Defendant "around the time of the year 2003." Id. at 17.

Plaintiff filed the instant suit in March 2013 in the United States District Court for the District of Connecticut. On May 20, 2013, Judge William I. Garfinkel granted Plaintiff's motion to proceed in forma pauperis. [ECF No. 8.] On April 11, 2013, Plaintiff filed an Amended Complaint against multiple individual defendants affiliated with Seton Hall, asserting claims under Title VI of the 1964 Civil Rights Act. [ECF No. 6].

In November 2013, this case was transferred to this Court. [ECF No. 32]. On March 17,

2015, this Court dismissed Plaintiff's First Amended Complaint without prejudice and with leave to cure the deficiencies in his First Amended Complaint by filing a Second Amended Complaint. [ECF No. 61]. Plaintiff did so on April 14, 2015. [ECF No. 63]. His Second Amended Complaint ("SAC") names only Seton Hall as defendant and asserts claims under Title VI of the Civil Rights Act of 1964, 42 U.C.C § 2000(d) et seq., as well as: (1) the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.; (2) the Rehabilitation Act, 29 U.S.C. § 701 et seq.; and (3) the Sherman Antitrust Act, 15 U.S.C. §§ 1–7. Id. at 14.

Defendant moved to dismiss the SAC on May 13, 2015. [ECF No. 67]. Defendant's motion papers address only Plaintiff's Title VI claims. Id. Nevertheless, because Plaintiff proceeds in forma pauperis, this Court will screen the SAC pursuant to 28 U.S.C § 1915(e)(2)(B).

### III.  **LEGAL STANDARD**

#### A.  Rule 12(b)(6) Standard for Pro Se Litigants

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, U.S. at 678.

A pro se litigant's complaint is held to "less stringent standards than formal pleadings

drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A pro se complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520–21); Bacon v. Minner, 229 Fed. App'x 96, 100 (3d Cir. 2007).

### B. Dismissal of In Forma Pauperis Proceedings

Where a litigant proceeds in forma pauperis, a district court "shall dismiss the case at any time if the court determines . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim for relief "if the allegations, taken as true, show that relief is barred by the applicable statute of limitations." Jackson v. Fernandez, No. CIV. A. 08-5694 JAG, 2009 WL 233559, at *1 (D.N.J. Jan. 26, 2009) (internal quotation marks and citation omitted) (dismissing a pro se plaintiff's complaint pursuant to § 1915 where the plaintiff's claims were barred by the applicable statute of limitations).

## IV. DISCUSSION

For the reasons set forth below, the Court finds Plaintiff's SAC fails to state a claim upon which relief can be granted because all of the claims set forth therein are barred by the applicable statute of limitations.

### A. Title VI of the 1964 Civil Rights Act

Defendant contends Plaintiff's claims under Title VI of the 1964 Civil Rights Act are time

4

barred. While, as a general matter, a statute of limitations defense is not properly raised by way of a Rule 12(b)(6) motion to dismiss, the Third Circuit has long "permit[ted] a limitations defense to be raised by a motion under Rule 12(b)(6) [] if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Robinson v. Johnson, 313 F.3d 128, 134–35 (3d Cir. 2002)); W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 105 n.13 (3d Cir. 2010).

Claims under Title VI are subject to a two-year statute of limitations. See Thomas v. Advance Hous., Inc., 475 F. App'x 405, 407 (3d Cir. 2012) (holding New Jersey's two-year statute of limitations period for personal injury actions applies to Title VI claims). The limitations period begins to run when the plaintiff knows or has reason to know of the injury that gave rise to the action. Webb v. Susquehanna Twp. Sch. Dist., 93 F. Supp. 3d 343, 350 (M.D. Pa. 2015) (citing Giles v. City of Phila., 542 Fed. Appx. 121, 122–23 (3d Cir. 2013)).

Here, the SAC states "evidence was revealed" of Mr. Thornton's alleged fraud shortly after his dismissal from the program, "around the time of October–November of 2001." ECF No. 63 at 16. Although the SAC does not explicitly state whether evidence was revealed to Plaintiff himself during that time, it is clear Plaintiff knew of the alleged fraud by 2003: on February 20, 2003, Plaintiff directed his attorney to contact Seton Hall regarding the alleged fraud, id. at 15, and Plaintiff also spoke with someone at Duke University about the alleged fraud around that time, id. at 17. Therefore, Plaintiff's Title VI claims, first brought in March 2013, are time barred.

**B.     The Americans With Disabilities Act and the Rehabilitation Act**

Plaintiff also brings claims against Seton Hall under the Americans With Disabilities Act ("ADA") and the Rehabilitation Act. Like Title VI claims, claims under the ADA and the Rehabilitation Act are subject to the statute of limitations applicable to personal injury actions in

the state in which the trial court sits. See Braun v. Gonzales, 557 Fed. App'x 176, 179 (3d Cir. 2014) (citing Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008)). Plaintiff's ADA and Rehabilitation Act claims are therefore subject to a two-year statute of limitations. See N.J. Stat. Ann. 2A:14-2. Because Plaintiff asserts the alleged discrimination took place while he was enrolled at Seton Hall from September 1999 through October 21, 2001—over eleven years after he filed suit—his claims under the ADA and the Rehabilitation Act are time barred.

### C. The Sherman Act

Finally, Plaintiff asserts Defendant engaged in "[a]ntitrust violations (Sherman Act of 1890)." ECF No. 63 at 15. A suit under the Sherman Act must be "commenced within four years after the cause of action accrued." 15 U.S. Code. Ann. § 15(b). "[A]n antitrust cause of action generally 'accrues and the statute [of limitations] begins to run when a defendant commits an act that injures a plaintiff's business.'" W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 105-06 (3d Cir. 2010) (citing Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 (1971)).

To the extent this Court can discern the contours of Plaintiff's antitrust claims, it appears Plaintiff contends Defendant's alleged antitrust violations caused Plaintiff's grades to be lowered, resulting in his dismissal from the Physicians' Assistant program in late 2001. Thus, the alleged injury occurred over eleven years before Plaintiff filed suit and, accordingly, Plaintiffs antitrust claims are time barred.

### V. CONCLUSION

Based on the reasons set forth above, the Defendant's Motion to Dismiss is granted. Plaintiff's SAC is hereby dismissed. To the extent Plaintiff can cure the defects in the SAC by

way of amendment, Plaintiff is given leave to file a Third Amended Complaint within twenty-one (21) days of the entry of this order. An appropriate order accompanies this Opinion.

Dated: December 15, 2015

_____
**CLAIRE C. CECCHI, U.S.D.J.**