NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRAVIS ROSE, | Civil Action No.: 13-7797 |
| Plaintiff, | **OPINION** |
| v. | |
| SETON HALL UNIVERSITY, | |
| Defendant. | |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the Motion of Defendant Seton Hall University ("Seton Hall" or "Defendant") to Dismiss the Third Amended Complaint of *pro se* Plaintiff Travis Rose ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 73]. The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

II. **BACKGROUND**

As set forth in more detail in this Court's December 15, 2015 Opinion, [ECF No. 69], this case arises from Plaintiff's October 2001 dismissal from a physicians' assistant program, specifically a graduate-level course of study run jointly by Seton Hall and the University of Medicine and Dentistry of New Jersey. Plaintiff filed the instant action in March 2013 in the United States District Court for the District of Connecticut. On April 4, 2013, Judge Shea ordered Plaintiff file an amended complaint in compliance with Federal Rule of Civil Procedure 8(a), noting that Plaintiff's complaint "does not identify the substantive bases for his claims" and was improperly styled as a "plea agreement." [ECF No. 5].

Plaintiff filed an Amended Complaint on April 11, 2013. [ECF No. 6]. In November 2013,

the case was transferred to this Court. [ECF No. 32]. Plaintiff's Amended Complaint alleged a violation of Title VI of the Civil Rights Act of 1964. [ECF No. 6 at 1]. Specifically, he alleged that Joseph Thornton, the director of the physicians' assistant program manipulated his grade point average, while other students had their grades changed from F grades to A grades. [ECF No. 6 at 2]. On March 17, 2015, this Court dismissed Plaintiff's First Amended Complaint without prejudice as the named defendants were all individuals and individuals cannot be held liable under Title VI. [ECF No. 61].

Plaintiff filed a Second Amended Complaint on April 14, 2015 asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.C.C § 2000(d) *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; and the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* [ECF No. 63]. The Second Amended Complaint alleged generally that Vatican City entered into a business relationship with the New Jersey state university system, under which Seton Hall University "employed a grade rigging apparatus[,] thereby establishing a state of no competition among students" in order to profit from federally-backed student loan money. [ECF No. 63 at 13]. On December 15, 2015, this Court dismissed Plaintiff's Second Amended Complaint, finding his claims were time-barred. [ECF Nos. 69, 70]. The Court granted Plaintiff leave to cure the deficiencies in the Second Amended Complaint by way of amendment, [ECF No. 70], and Plaintiff filed a Third Amended Complaint on December 28, 2015, [ECF No. 71].

Rather than re-raise the claims brought in the Second Amended Complaint, Plaintiff's Third Amended Complaint asserts claims under the Federal Mail Fraud Statute, 18 U.S.C. § 1341. [*Id.* at 8-12]. On February 1, 2016, Defendant moved to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 73]. In response, on February 19,

2016, Plaintiff filed an "Amendment to the Third Amended Complaint," which reasserted the claims set forth in the Third Amended Complaint, raised additional claims for "major fraud" under 18 U.S.C. § 1031, and asserted that any statutes of limitations applicable to Plaintiff's claims have been tolled under the Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287. [ECF No. 74]. In response, Defendant submitted a letter to the Court noting the inapplicability of the WSLA to Plaintiff's claims. [ECF No. 75].

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where fraud is alleged, a plaintiff must "plead (1) a specific false representation of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage." *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992), *as amended* (May 27, 1992). In evaluating the sufficiency of a complaint, district courts must first "accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Accordingly, a *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520-21 (internal quotation marks omitted)).

## IV. DISCUSSION

In the interest of judicial economy, the Court will address both Plaintiff's Third Amended Complaint and the purported Amendment to the Third Amended Complaint. Although Defendant did not file a motion directed specifically to the purported Amendment to the Third Amended Complaint, the Court may screen Plaintiff's claims pursuant to 28 U.S.C § 1915(e)(2)(B), as Plaintiff's application to proceed *in forma pauperis* was granted on May 30, 2013, [ECF No. 8].

Plaintiff fails to state a claim for relief. First, Plaintiff lacks a private right of action to assert claims against Defendant under the Federal Mail Fraud Statute. *See Addlespurger v. Corbett*, 461 F. App'x 82, 87 (3d Cir. 2012) ("[T]here is no private cause of action for a violation of the federal mail and wire fraud statutes . . . ."); *Jones v. TD Bank*, 468 F. App'x 93, 94 (3d Cir. 2012) ("To the extent that [the plaintiff] attempted to sue under the Federal Mail Fraud statute, 18 U.S.C. § 1341, he lacked a private right of action to do so." (citing *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999))).

Second, Plaintiff lacks a private right of action to assert claims against Defendant under 18 U.S.C. § 1031. The only private cause of action under § 1031 is for employees who have been retaliated against by their employers in limited circumstances. 18 U.S.C. § 1031(h); *see also Jones v. Lockett*, No. CIV.A 08-16, 2009 WL 2232812, at *9 (W.D. Pa. July 23, 2009). Here, there is no allegation that Plaintiff was employed by Defendant. Rather, Plaintiff claims to have been enrolled as a student at defendant University. [*See, e.g.*, ECF No. 74 at 10, 26, 31].

Third, the WSLA only provides for tolling the statute of limitations on certain claims involving the United States government and its contractors, and it does not provide a cause of action itself. To the extent Plaintiff relies on the WSLA to provide a cause of action, this reliance is misplaced. Likewise, to the extent Plaintiff attempts to reassert the claims set forth in his prior

4

complaints and argues the WSLA tolls the statutes of limitations for those claims, this effort also fails as the Supreme Court has recently made clear that the WSLA only applies to criminal charges. *Kellogg Brown & Root Servs., Inc. v. U.S., ex rel. Carter*, 135 S. Ct. 1970, 1978 (2015).

Accordingly, this Court will grant Defendant's motion. As Plaintiff has thrice failed to state a cause of action, this Court will dismiss Plaintiff's Third Amended Complaint with prejudice.

## V. CONCLUSION

Based on the reasons set forth above, Defendant's Motion to Dismiss is granted. Plaintiff's Third Amended Complaint and Amendment to the Third Amended Complaint are hereby dismissed with prejudice. An appropriate order accompanies this Opinion.

Dated: September 30, 2016

**CLAIRE C. CECCHI, U.S.D.J.**